**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

DAVID TOM,

    Plaintiff,

v.                                                                                          Case No. 2:26-cv-14116-SMM

HALO'S PEST ARREST, INC.                                        SHANIEK MILLS MAYNARD

    Defendant.                                                          US Magistrate Judge

_____/

## DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant HALO'S PEST ARREST, INC. ("Halo"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, respectfully moves this Court for an order dismissing Counts II and III of Plaintiff's Complaint [DE 1] with prejudice, and in support states as follows:

## INTRODUCTION

Plaintiff David Tom, proceeding *pro se*, alleges he received approximately four telemarketing text messages on a single day, February 2, 2026. (D.E. No. 1, Compl. ¶ 40, 104). From this, he develops three counts under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and demands $13,500 in statutory damages and broad injunctive relief.

Ironically, Plaintiff's claim arises from text messages he himself solicited. According to Plaintiff's own representations to Defendant before suit, Plaintiff received an inquiry from a third-party lead-generation vendor and responded "YES," indicating he had ants and was seeking pest-control assistance. Plaintiff alludes to this in his complaint in paragraphs 43 and 52 (D.E. No. 1, Compl. ¶ 52) when he states "Plaintiff expressed interest for the purpose of discovering the identity of the sender…", and "…the only way to discover the identity of the transmitting party is to indicate interest".  That affirmative response triggered the transmission of Plaintiff's contact information to Defendant's CRM system, which sent a single, opt-out-compliant introductory message in reply. Plaintiff has separately admitted that he received similar texts from the same

persona referencing multiple unrelated industries (including roofing, plumbing, and pool services) (D.E. No. 1, Compl. ¶ 48) none of which Defendant has any connection to.

Two of Plaintiff's three counts must be dismissed as a matter of law. Count II asserts a private claim under 47 C.F.R. § 64.1200(d) a.k.a. the FCC's "internal do-not-call list" rule. Count III asserts a private claim under 47 C.F.R. § 64.1601(e) which is the FCC's caller- identification rule. Neither regulation creates a private right of action enforceable in this Court. Both were promulgated under provisions of the TCPA other than 47 U.S.C. § 227(c), which is the sole DNC-based statutory hook for private enforcement. The Supreme Court's recent decision in *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 145 S. Ct. 2006 (2025), confirms that this Court must independently interpret the TCPA without deference to the FCC, and that independent analysis defeats both claims.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Whether a regulation supports a private right of action is a question of law properly resolved on a motion to dismiss. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); see also *Worsham v. Discount Power, Inc.*, 2021 WL 50922, at *2-4 (D. Md. Jan. 6, 2021) (dismissing claims under §§ 64.1200(d) and 64.1601(e) for lack of a private right of action).

## ARGUMENT

**I.  COUNT III FAILS BECAUSE 47 C.F.R. § 64.1601(e) DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION.**

The TCPA creates only two express private rights of action:

(1) for violations of the prohibition on automatic dialing systems under 47 U.S.C. § 227(b)(3); and (2) for violations of regulations prescribed under § 227(c) for the protection of residential telephone subscribers from telephone solicitations, codified at 47 U.S.C. § 227(c)(5). See *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020). All other TCPA enforcement is reserved to the FCC, state attorneys general, and other governmental bodies. See 47 U.S.C. § 227(d), (e), (g).

The caller-identification regulation, 47 C.F.R. § 64.1601(e), was not promulgated under § 227(c). The "weight of authority" holds that it was promulgated under § 227(d)  (the "Technical and procedural standards" subsection) which contains no private right of action. See, *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016), aff'd, 678 F. App'x 165 (4th Cir. 2017); *Rosenberg v. LoanDepot.com, LLC*, 435 F. Supp. 3d 308, 322-25 (D. Mass. 2020) (same); *Worsham v. Discount Power*, 2021 WL 50922, at *4 (same); *Dobronski v. Total Ins. Brokers, LLC*, 2021 WL 4338957, at *4-5 (E.D. Mich. May 14, 2021), adopted, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021) (same).

The reasoning therein is relatively straightforward. Section 227(d), titled "Technical and procedural standards," specifically directs the FCC to prescribe rules "to protect privacy rights" by, *inter alia*, governing "the use of automatic telephone dialing systems" and "telephone facsimile machines".   The caller-ID regulation fits naturally within that "technical and procedural" framework. See, *Worsham*, 2016 WL 4592373, at *4. By contrast, § 227(c) directs the FCC to promulgate "regulations" "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object", and focuses on the establishment and operation of a do-not-call registry, not on technical caller-identification standards. 47 U.S.C. § 227(c)(1)-(3).

Now, a handful of recent outlier decisions such as *Dobronski v. SelectQuote Insurance Services and Newell v. JR Capital*, 2025 WL 900439 (as cited by plaintiff) have gone the other way. See also, *Newell v. JR Capital, LLC*, 2025 WL 2009432 (E.D. Pa. July 16, 2025). Those decisions are not binding here, and they conflict with the great weight of authority, including the only circuit court of appeals to have addressed the issue. See *Worsham v. Travel Options*, 678 F. App'x 165 (4th Cir. 2017).

Defendants would respectfully offer that this Court should follow the majority view and dismiss Count III with prejudice.

## II.   COUNT II FAILS BECAUSE 47 C.F.R. § 64.1200(d) DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION ENFORCEABLE BY PLAINTIFF.

The same analysis disposes of Count II. Section 64.1200(d) is titled "Procedures for telephone solicitations" and prescribes internal procedures that telemarketers must implement before

"initiating any call for telemarketing purposes," including maintaining a written do-not-call policy "available upon demand." 47 C.F.R. § 64.1200(d).

A growing line of authority holds that § 64.1200(d) was promulgated under 47 U.S.C. § 227(d) (not § 227(c)) and therefore cannot be enforced privately. See *Worsham v. Discount Power, Inc.*, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021) ("[T]he Court concludes that the regulations contained in 47 C.F.R. § 64.1200(d) are procedural safeguards under 47 U.S.C. § 227(d), and therefore do not provide a private right of action."); *Braver v. Northstar Alarm Servs., LLC*, 2019 WL 3208651, at *15 (W.D. Okla. July 16, 2019); *Burdge v. Ass'n Health Care Mgmt., Inc.*, 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011).

The textual fit is plain: § 227(d) is captioned "Technical and procedural standards," and § 64.1200(d) is captioned "Procedures for telephone solicitations." The regulation's internal procedures (such as minimum standards, training, recordkeeping) are intrinsically "technical and procedural," not the type of "regulations" Congress contemplated under § 227(c) (which is focused on "establish[ing] and operat[ing]" a do-not-call database and concomitant prohibitions). 47 U.S.C. § 227(c)(3).

After *McLaughlin v. McKesson*, 145 S. Ct. 2006 (2025), this Court is no longer required to defer to FCC interpretations under the Hobbs Act. The Court must therefore independently analyze the statutory authority for § 64.1200(d), and that independent analysis points squarely to § 227(d).

Even if § 64.1200(d) could be privately enforced, Plaintiff has not plead facts showing that he requested the policy in writing in a manner triggering the regulation. Plaintiff alleges he sent a "written request" (¶ 111), but provides no copy, no date, no addressee, and no allegation that the request reached Halo before suit. He also concedes that he is the only person who allegedly demanded the policy, yet § 64.1200(d) imposes a generalized internal-procedure obligation, not a per-plaintiff right to obtain a document on demand. See, *Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819, 823-24 (8th Cir. 2013)(abrogated on unrelated issue); *cf. Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017).

**III.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR INDEPENDENT KNOWING/WILLFUL VIOLATIONS UNDER ALL THREE COUNTS.**

In each count Plaintiff seeks $1,500 per violation under 47 U.S.C. § 227(c)(5), alleging the violations were "knowing and willful." Compl. ¶¶ 105-06, 113-14. But the only fact Plaintiff pleads in support is that Halo's principal (based on his alleged "extensive career in state Law Enforcement") should have known better. Compl. ¶¶ 105, 113. That is rank speculation about state of mind unsupported by any factual allegation that Halo itself initiated, directed, or even knew about the texts. Indeed, Plaintiff affirmatively alleges that the texts came from a foreign third-party marketing entity, "RxH Digital Inc.," incorporated in Canada (Compl. ¶ 84), with whom Halo's relationship is alleged in only the most conclusory of terms. *See*, *Iqbal*, 556 U.S. at 678. The "knowing and willful" allegations should be dismissed in any event.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order (1) dismissing Count II of the Complaint with prejudice; (2) dismissing Count III of the Complaint with prejudice; (3) striking the "knowing and willful" allegations and corresponding $1,500-per-violation prayers in all counts; and (4) granting such other and further relief as the Court deems just and proper.

LOCAL RULE 7.1(a)(3) CERTIFICATION: Counsel for Defendant hereby certifies that, prior to filing this Motion, the undersigned conferred (or attempted to confer in good faith) with Plaintiff David Tom, Pro Se, in a good-faith effort to resolve the issues raised herein. Plaintiff opposes the relief sought.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that a true and correct copy was served via U.S. Mail on Plaintiff David Tom, Pro Se, 1058 Herne Avenue, Palm Bay, FL 32907, david.m.tom@gmail.com.

Respectfully submitted,

COLLINS BROWN BARKETT, CHARTERED
Counsel for HALO'S PEST ARREST, INC.
756 Beachland Boulevard
Vero Beach, FL 32963
Telephone (772) 231-4343
Primary E-mail: AJohnson@verolaw.com
Secondary E-mail:  Lbixby@verolaw.com

/s/ Aaron V. Johnson
AARON V. JOHNSON, ESQ.
Florida Bar No.: 618098