**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

DAVID TOM,

    Plaintiff,

v.

HALO'S PEST ARREST, INC.

    Defendant.

_____/

Case No. 2:26-cv-14116-SMM

SHANIEK MILLS MAYNARD

US Magistrate Judge

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Halo's Pest Arrest, Inc. ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1].

Pursuant to Federal Rule of Civil Procedure 8(b), any allegation not specifically admitted herein is denied. Headings and footnotes in the Complaint are not factual allegations and require no response; to the extent a response is required, they are denied. Citations to and quotations from statutes, regulations, or judicial decisions speak for themselves; Defendant denies any characterization of those authorities inconsistent with their plain text.

Concurrently with this Answer, Defendant has filed a Motion to Dismiss Counts II and III. This Answer responds to those counts in the alternative and without waiver of the arguments set forth in the Motion.

PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint quotes from *Barr v. American Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020). The opinion speaks for itself. Defendant denies any characterization inconsistent with the text and denies any implication that Defendant violated the TCPA.

2. Denied as stated; the TCPA is a statute that speaks for itself.

3. Denied as stated; the TCPA is a statute that speaks for itself.

4. Paragraph 4 quotes from *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019). The opinion speaks for itself; Defendant denies any characterization inconsistent with that opinion or any implication that Defendant violated the TCPA.

5. Denied. Defendant did not send or direct any text messages from the numbers identified in the Complaint to Plaintiff. Defendant sent only one automated introductory message to Plaintiff, through Defendant's HighLevel CRM system, after Plaintiff affirmatively responded "YES" to a third-party lead-generation vendor's inquiry and represented that he had ants requiring pest-control service. That single introductory message included opt-out language consistent with TCPA requirements. Defendant denies that the four messages identified in the Complaint, sent from (772) 777-8874 and (772) 277-2246, were sent by Defendant or by anyone acting at Defendant's direction or under Defendant's control.

6. Denied. To the extent Plaintiff received any text message from Defendant, Plaintiff provided prior express consent by responding "YES" to the third-party vendor's inquiry and affirmatively requesting pest-control follow-up.

## PARTIES

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied as characterized.

11. Denied as alleged.

## JURISDICTION & VENUE

12. Admitted that subject-matter jurisdiction exists under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq. Denied that any violation occurred.

13. Admitted as a legal conclusion.

14. Admitted that Defendant is a Florida corporation headquartered in this District. Without knowledge as to the precise location at which Plaintiff received any text messages, therefore denied.

15. Admitted that venue is proper in this District; denied that Defendant or any agent of Defendant sent or caused to be sent any text messages to Plaintiff.

16. Admitted that venue is proper. The remainder is denied.

THE TELEPHONE CONSUMER PROTECTION ACT
THE NATIONAL DO NOT CALL REGISTRY
TCPA REQUIRES TELEMARKETERS TO TRANSMIT CALLER ID

17.-26. Paragraphs 17 through 26 quote from or paraphrase the TCPA, FCC orders, and implementing regulations. Those authorities speak for themselves. Defendant denies any characterization inconsistent with their plain text and denies any implication that any conduct of Defendant violated the TCPA.

27. The cited case speaks for itself.

28. Admitted.

29. Admitted.

30. Admitted.

31. Denied.

32. Without knowledge therefore denied.

33. Without knowledge therefore denied.

34. Without knowledge therefore denied.

35. Without knowledge therefore denied.

36. Without knowledge therefore denied.

37. Without knowledge therefore denied, any Defendant specifically denies that Plaintiff's number qualifies as a "residential telephone subscriber" line within the meaning of 47 USC Section 227(c) and 47 CFR Section 64.1200(c)(2).

38. Without knowledge therefore denied.

39. Denied.

40. Without knowledge therefore denied.

41. Without knowledge therefore denied.

42. Without knowledge therefore denied.

43. Without knowledge therefore denied.

44. Denied.

45. Without knowledge therefore denied.

46. Denied. Defendant did not author, approve, or direct the messages or any pseudonym used.

47. -65. Without knowledge as to Plaintiff's investigation; denied that Defendant or any agent of Defendant placed the messages.

66 – 83. Without knowledge therefore denied.

84-86. Without knowledge regarding the alleged corporate status, website, or Trustpilot reviews of "RxH Digital, Inc." Admitted that Defendant retained an unrelated third-party lead-generation vendor under an oral arrangement to provide prequalified pest- control leads within Defendant's geographic service area; denied that Defendant supplied any phone-number list, scripts, or messaging instructions to that vendor; denied that the vendor was authorized to send unsolicited marketing texts to numbers on the National Do Not Call Registry; and specifically denied that Defendant knew or had reason to know the vendor would do so.

87. Without knowledge as to Plaintiff's subjective belief. Admitted only that, after receiving correspondence from Plaintiff, Defendant's principal Robert Kyzer had a telephone conversation with Plaintiff. The remainder is denied.

88. Denied as characterized. Defendant lacks knowledge as to whether other persons have made similar complaints to others.

89. Denied as alleged. Plaintiff's "education" consisted of efforts to negotiate a settlement payment from Defendant exceeding the cost of defending this action. Plaintiff affirmatively represented during the call that he "regularly files lawsuits of this type."

90. Denied as alleged.

91. Denied as alleged.

92-100. The authorities cited speak for themselves. Defendant denies any implication that the FCC orders or theory of liability supports imposing liability against Defendant on the facts of this case.

## FIRST CAUSE OF ACTION

101. Defendant restates and incorporates its responses to Paragraphs 1-100 above.

102. Denied.

103. Denied.

104. Without knowledge as to whether Plaintiff received the alleged messages. Denied that Defendant or any agent of Defendant transmitted them.

105. Denied as a conclusion of law and as factually unsupported. The allegation regarding Defendant's principal's "career in state Law Enforcement" is irrelevant and denied as characterized.

106. Denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE — Prior Express Consent. Plaintiff provided prior express consent to receive any communication from Defendant by affirmatively responding "YES" to a third-party lead-generation vendor's inquiry, indicating that he had ants and was seeking pest-control assistance, and thereby expressly inviting follow-up by a "local pest control company." Defendant's single automated introductory message was sent in direct response to Plaintiff's own affirmative solicitation. Plaintiff cannot recover under 47 U.S.C. § 227(c) or any FCC implementing regulation for a communication he expressly invited. See, e.g., *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044-45 (9th Cir. 2017); *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090 (N.D. Cal. 2015).

SECOND AFFIRMATIVE DEFENSE — Defendant Did Not Send the Text Messages at Issue. The four text messages identified in the Complaint, sent on February 2, 2026 from (772) 777-8874 and (772) 277-2246 (Compl. ¶¶ 40, 104), were not transmitted by Defendant, by Defendant's CRM system, or by anyone acting at Defendant's direction or under Defendant's control. Defendant sent only one automated introductory message to Plaintiff (through a different telephone number assigned to Defendant's HighLevel CRM) in direct response to Plaintiff's affirmative "YES" reply to a third-party lead-generation vendor's earlier outreach. That single message included TCPA-compliant opt-out language. Defendant cannot be liable for messages it did not send.

THIRD AFFIRMATIVE DEFENSE — Lack of Agency / No Vicarious Liability. Defendant did not initiate, authorize, direct, ratify, or knowingly benefit from any text messages

allegedly sent to Plaintiff by third parties. Any messages Plaintiff received that were not sent by Defendant directly were sent by an independent third-party vendor or by an unrelated person or entity using the "Amy" persona. Plaintiff has admitted to receiving similar "Amy" messages relating to multiple unrelated industries (including roofing, plumbing, and pool services), which industries have no connection to Defendant. Under *In re DISH Network, LLC,* 28 FCC Rcd. 6574 (2013), liability for third- party telemarketing requires *actual* authority, apparent authority, or ratification, none of which is present here.

FOURTH AFFIRMATIVE DEFENSE — Independent Contractor. The third-party vendor referenced in the Complaint was an independent contractor and not Defendant's agent. Defendant did not direct the timing, targeting, content, scripting, recipient list, or persona used by such vendor. Defendant did not supply telephone numbers, scripts, or messaging instructions to the vendor. Defendant relied on the vendor's representation that it operated lawfully and obtained consent where required.

FIFTH AFFIRMATIVE DEFENSE — Mitigation. Promptly upon learning of issues concerning the lead-generation vendor's practices (including upon being instructed by the vendor itself to delete Plaintiff's lead) Defendant complied and ceased further contact with Plaintiff. Defendant subsequently terminated its relationship with the vendor altogether. Defendant's diligent and good-faith response forecloses any finding of "knowing or willful" violation under 47 U.S.C. § 227(c)(5).

SIXTH AFFIRMATIVE DEFENSE — No Knowing or Willful Violation. Defendant had no knowledge that the vendor was sending unsolicited text messages to numbers on the National Do Not Call Registry, did not authorize such conduct, and had never previously received any complaint of this nature. Plaintiff's allegation that the supposed "willful" conduct can be inferred from Defendant's principal's "extensive career in state Law Enforcement" (Compl. ¶¶ 105, 113) is rank speculation, unsupported by any factual allegation that Defendant initiated, directed, or knew about the messages. *See, Iqbal*, 556 U.S. at 678. Plaintiff cannot recover treble damages under 47 U.S.C. § 227(c)(5).

SEVENTH AFFIRMATIVE DEFENSE — Reasonable Reliance / Good Faith. Defendant retained the third-party vendor based on the vendor's representations that it would operate lawfully,

obtain consent, and provide only prequalified leads. Defendant reasonably relied in good faith on those representations.

EIGHTH AFFIRMATIVE DEFENSE — Failure to State a Claim. Counts II and III fail to state a claim upon which relief can be granted because 47 C.F.R. §§ 64.1200(d) and 64.1601(e) do not provide a private right of action. *See, Worsham v. Travel Options, Inc.,* 678 F. App'x 165 (4th Cir. 2017); *Worsham v. Discount Power, Inc.*, *2021* WL 50922 (D. Md. Jan. 6, 2021). Defendant incorporates the *arguments* in its contemporaneously filed Motion to Dismiss.

NINTH AFFIRMATIVE DEFENSE — Plaintiff Is Not a "Residential Telephone Subscriber." Section 227(c)(5)'s private right of action protects only "residential telephone subscribers." 47 C.F.R. § 64.1200(c)(2). Plaintiff admits the number at issue is a cellular telephone (Compl. ¶ 35). Following *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 145 S. Ct. 2006 (2025), this Court is not required to defer to the FCC's 2003 order presuming wireless subscribers to be residential. On independent statutory analysis and on the facts to be developed in discovery, Plaintiff's number is not a "residential" line entitled to DNC Registry protection. *See, Cranor v. 5 Star Nutrition,* LLC, 2022 WL 17819784 (S.D. Fla. Dec. 19, 2022).

TENTH AFFIRMATIVE DEFENSE — Manufactured Standing / Lack of Concrete Article III Injury. Plaintiff has admitted to Defendant's principal during a recorded telephone conversation that he "regularly files lawsuits of this type" and conveyed settlement expectations significantly exceeding the cost of defense. On information and belief, Plaintiff is a serial TCPA litigant who has filed multiple similar actions, has publicly promoted his litigation activity on social media, and maintains the subject telephone number for the purpose of soliciting and inducing telemarketing communications upon which to sue. Under those circumstances, Plaintiff has not suffered the concrete injury required by Article III and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). See also *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 805-06 (W.D. Pa. 2016).

ELEVENTH AFFIRMATIVE DEFENSE — Unclean Hands. To the extent Plaintiff seeks equitable or injunctive relief, such relief is barred by the doctrine of unclean hands based on Plaintiff's pattern and practice of soliciting and inducing telemarketing communications, including by responding "YES" to vendor outreach, for the purpose of filing serial TCPA lawsuits.

TWELFTH AFFIRMATIVE DEFENSE — Failure to Mitigate. Plaintiff failed to mitigate any alleged damages by, inter alia, affirmatively soliciting the very communication of which he complains, failing to opt out of Defendant's single automated message despite its TCPA-compliant opt-out language, continuing to engage with messages from third parties for the purpose of generating litigation, and maintaining the subject number for that same purpose.

THIRTEENTH AFFIRMATIVE DEFENSE — Excessive Fines / Due Process. Plaintiff seeks $1,500 per text message in treble damages on a record showing only one text from Defendant (sent in response to Plaintiff's own affirmative consent). Treble statutory damages on this record would be unconstitutionally excessive under the Eighth Amendment Excessive Fines Clause and the Due Process Clause of the Fifth Amendment. See *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63 (1919).

FIFTEENTH AFFIRMATIVE DEFENSE — Reservation of Rights. Defendant reserves the right to assert additional affirmative defenses as discovery and investigation reveal supporting facts.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Halo's Pest Arrest, Inc., respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, awarding Defendant its costs of suit, and granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that a true and correct copy was served via U.S. Mail on Plaintiff David Tom, Pro Se, 1058 Herne Avenue, Palm Bay, FL 32907, david.m.tom@gmail.com.

Respectfully submitted,

COLLINS BROWN BARKETT, CHARTERED
Counsel for HALO'S PEST ARREST, INC.
756 Beachland Boulevard
Vero Beach, FL 32963
Telephone (772) 231-4343
Primary E-mail: AJohnson@verolaw.com
Secondary E-mail:  Lbixby@verolaw.com

/s/ Aaron V. Johnson
AARON V. JOHNSON, ESQ.
Florida Bar No.: 618098